IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANGELA HILL PLAINTIFF

VS. CIVIL ACTION NO. 1:26-cv-43-GHD-RP

RELIASTAR LIFE INSURANCE COMPANY; AMY WADE DEFENDANTS

ORDER GRANTING MOTION TO DEPOSIT FUNDS AND FOR DISCHARGE AND DENYING MOTION FOR ATTORNEY'S FEES

Presently before the Court is the Defendant Reliastar Life Insurance Company's Motion [42] to deposit insurance benefits due under Group Life Policy No. 68990-4GAT2, plus interest, into the Registry of the Court, and to be discharged as a party to this action. The Court, having considered the motion and noting that none of the other parties object, finds that this motion is well-taken and should be granted. In addition, Reliastar has filed a motion seeking an award of attorney's fees pursuant to 28 U.S.C. § 1335, the interpleader statute [44]. Upon due consideration, the Court shall deny this motion.

First, the Court finds that Reliastar's motion to deposit with the Court basic life death benefits in the amount of $60,000.00 and basic supplemental life death benefits in the amount of $240,000.00 (for a total deposit of $300,000.00) under the subject Group Life Policy shall be granted as unopposed. The Court further grants Reliastar's motion insofar as Reliastar seeks to include accrued interest in the deposit, as calculated by the contractual rate set forth in the subject Policy. Reliastar shall deposit the subject funds, including interest, within ten (10) days of the date of this Order. The Court shall likewise discharge Reliastar from any further liability to the parties in this action related to the subject Group Policy and shall dismiss Reliastar as a party from this

action.

Finally, the Court shall deny Reliastar's motion seeking an award of attorney's fees pursuant to the interpleader statute, 28 U.S.C. § 1335. First, the Court notes that this action was not filed as an interpleader action. Reliastar did not commence this action; rather the Plaintiff instituted the action against Reliastar and Amy Wade seeking a declaratory judgment that the subject insurance proceeds should be paid to the Plaintiff. For that reason alone, the Court could deny Reliastar's request for attorney's fees. In any event, even utilizing the factors for a discretionary award of attorney's fees in an interpleader action, the Court finds Reliastar is not entitled to an award of fees.

An award of attorney's fees in an interpleader action is discretionary with the Court. *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). District Courts consider a number of factors in deciding whether an award of fees in an interpleader action are appropriate:

1) whether the case is simple or involved;
2) whether the stakeholder performed any unique services for the claimants or the Court;
3) whether the stakeholder acted in good fair and with diligence;
4) whether the services rendered benefited the stakeholder; and
5) whether the claimants improperly protracted the proceedings.

*New York Life Ins. & Annuity Corp. v. Cannatella*, 550 Fed.Appx. 211, 217 (5th Cir. 2013).

Here, the Court finds this is a simple case, and to the extent it was involved, it was not through any fault of the Plaintiff or Reliastar's co-defendant. Reliastar has not performed any unique services in this case, and has not sufficiently shown that it acted with diligence in resolving this dispute. Finally, there is no evidence the claimants in this matter improperly protracted these proceedings. Accordingly, the Court finds Reliastar's motion for an award of attorney's fees shall

be denied.

THEREFORE, it is hereby ORDERED that Defendant Reliastar Life Insurance Company's Motion [42] to deposit insurance benefits due under Group Life Policy No. 68990-4GAT2, plus interest, into the Registry of the Court, and to be discharged as a party to this action is GRANTED. Reliastar is hereby granted leave to deposit funds in the amount of $300,000.00, plus accrued interest under the subject policy, into the Registry of the Court. Reliastar shall deposit the subject funds by check or money order, made payable to "U.S. District Court," and delivered, together with a copy of this Order, to the Clerk of the Court, no later than ten (10) days from the date of this Order. The Clerk of Court is directed to deposit the funds into an interest-bearing account with an authorized depository, as specified in the Order Regarding Deposit and Investment of Registry Funds, dated February 8, 2017, and to retain such funds on deposit until further order of the Court. The Court further finds and concludes that the funds to be deposited are interpleader funds or other funds which qualify as "disputed ownership funds" as that term is defined by the Internal Revenue Service (26 C.F.R. §1.468B-9(b)(1)). Further, the Administrative Office of the United States Courts is hereby authorized and directed to administer the funds, charge fees, and withhold and pay taxes, under its Disputed Ownership Funds system (CRIS DOF).

It is further ORDERED that Reliastar's motion to establish entitlement to attorney's fees [44] is DENIED; Reliastar's motion for interpleader deposit [39] is DENIED AS MOOT; and Reliastar's motion for extension of time [47] is DENIED AS MOOT.

SO ORDERED AND ADJUDGED, this the 9th day of November, 2026.

[signature]

SENIOR U.S. DISTRICT JUDGE